IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHRIS JACOBS,

Plaintiff,

v.

TAYLOR CO. DISTRICT ATTY.,

Defendant.

OPINION and ORDER

26-cv-332-jdp

---

Plaintiff Chris Jacobs, proceeding without counsel, is incarcerated at the Marathon County Jail. Jacobs brings this lawsuit against the Taylor County district attorney seeking an order forcing her to answer questions that he has about evidence related to his 1998 conviction for kidnapping and false imprisonment. Jacobs has not submitted the $405 filing fee, so I infer that he seeks leave to proceed without full prepayment of the filing fee under 28 U.S.C. § 1915, also known as "in forma pauperis" status.

But Jacobs has "struck out" under 28 U.S.C. § 1915(g). That provision reads as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

On at least three prior occasions, Jacobs has brought actions or appeals that were dismissed because they were frivolous or malicious or they failed to state a claim upon which relief may be granted. *See Jacobs v. Gerber*, 403 F. App'x 67, 70 (7th Cir. 2010) (discussing Jacobs's strikes). Therefore, he cannot proceed without prepayment of the entire filing fee

unless I conclude that his allegations show that he is in imminent danger of serious physical injury.

To meet the imminent-danger requirement of 28 U.S.C. § 1915(g), a prisoner must allege a physical injury that is imminent or occurring at the time the complaint is filed and show that the threat or prison condition causing the physical injury is "real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003); *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). Nothing in Jacobs's complaint meets the imminent-danger standard. Therefore he is barred from proceeding in forma pauperis on his claims.

Even if Jacobs wasn't barred from proceeding in forma pauperis, I would dismiss the complaint for other reasons. As with many of his previous cases in this court, Jacobs states that government officials committed misconduct in prosecuting him, but these events happened far too long ago to meet the statute of limitations for his claims. And in any event, Jacobs doesn't state a federal claim for relief regarding his request for the district attorney to answer his questions. Nor is there any reason to think that there is diversity of state citizenship between the parties that would allow this court to consider a state-law claim.

The Court of Appeals for the Seventh Circuit has cautioned against dismissing an unrepresented plaintiff's case without giving them a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But in this case, dismissal of this lawsuit is appropriate because there isn't any reason to think that Jacobs could amend his complaint to state a claim for relief.

Jacobs has now filed several frivolous cases concerning his 1998 conviction. I will review any future case that Jacobs files about his conviction and summarily dismiss it if his allegations suffer from the same problems as his previous cases.

## ORDER

IT IS ORDERED that:

1. Plaintiff Chris Jacobs is DENIED leave to proceed in forma pauperis under 28 U.S.C. § 1915(g).

2. This case is DISMISSED.

3. The clerk of court is directed to enter judgment accordingly and close this case.

Entered April 23, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

3